70 F.3d 112
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Charles C. POWELL, Petitioner,
v.
NATIONAL TRANSPORTATION SAFETY BOARD; Federal Aviation
Administration, Respondents.
 No. 95-1067.
 United States Court of Appeals, Fourth Circuit.
 Argued Sept. 27, 1995.
Decided Nov. 14, 1995.
 
 On Petition for Review of an Order of the Federal Aviation Administration. (SE-12959)
 ARGUED: Jay Fred Cohen, Baltimore, Maryland, for Petitioner. Joyce L. Redos, Enforcement Division, Office of the Chief Counsel, FEDERAL AVIATION ADMINISTRATION, Washington, D.C., for Respondent. ON BRIEF: Kathleen A. Yodice, Acting Manager, Appellate Branch, Enforcement Division, Office of the Chief Counsel, FEDERAL AVIATION ADMINISTRATION, Washington, D.C., for Respondent.
 Before WILKINS, NIEMEYER, and WILLIAMS, Circuit Judges.
 PER CURIAM:
 
 OPINION
 
 1
 Charles C. Powell seeks review of a decision of the National Transportation Safety Board (NTSB) affirming an order of the Federal Aviation Administration (FAA) that suspended his pilot's license due to his reckless behavior in disregarding actual weather conditions when he departed Altoona, Pennsylvania on January 2, 1993. Because we conclude that substantial evidence supports the decision of the NTSB, we deny Powell's petition.
 
 I.
 
 2
 Rain and clouds impaired visibility in Altoona on the afternoon in question, prompting the Automated Flight Service Station (AFSS) there to issue a special weather report indicating that Instrument Flight Rules (IFR) conditions existed. Powell was preparing to pilot a Piper Malibu aircraft that afternoon from Altoona to Cambridge, Maryland and had filed an IFR flight plan. At approximately 2:27 p.m., only 17 minutes after the AFSS report, Powell contacted the AFSS and requested IFR clearance for takeoff. An AFSS controller informed him that because another aircraft--immediately in front of him--was seeking IFR clearance, Powell would have to wait. When Powell responded that he would take off using Visual Flight Rules (VFR), the AFSS controller replied that the airport was under IFR and that Powell must wait for IFR clearance. Despite Powell's reply that he would await IFR clearance, less than ten minutes later he taxied around the other aircraft and took off.
 
 
 3
 After conducting an investigation into the incident, the FAA notified Powell that it was suspending his license for 180 days for recklessly flying VFR during IFR conditions. He appealed the FAA's order to the NTSB, and a hearing was conducted before an administrative law judge (ALJ). The ALJ affirmed the order, and Powell again appealed. The NTSB affirmed, and Powell then petitioned this court for a review of the NTSB decision.
 
 II.
 
 4
 Powell argues that substantial evidence does not support the finding of the NTSB that he recklessly disregarded actual weather conditions when he taxied around the airplane in front of him and took off. He argues that although the evidence demonstrated that IFR conditions existed before and after his takeoff from Altoona, there was no evidence regarding the weather at the exact moment of takeoff other than his testimony that the conditions were VFR. After carefully reviewing the record and considering the arguments of counsel, we conclude that the findings of the NTSB are supported by substantial evidence. See 49 U.S.C.A. Secs. 44709(f), 46110(c) (West Supp.1995). Accordingly, Powell's petition is denied.
 
 PETITION DENIED